Tom McAvity, 034403
Phoenix Fresh Start Bankruptcy
4742 N 24th St. Ste. 300
Phoenix, AZ 85016
Phone: 602-598-5075
Fax: 866-241-4176
Email: tom@phoenixfreshstartbankruptcy.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Stephen E Walker,<br><br>              Debtor | Chapter: 13<br>Case No. 2:19-bk-10069<br><br>MOTION TO CONTINUE THE SECTION 362(a) STAY PURSUANT TO SECTION 362(c)(3) |

Debtor Stephen E Walker ("Debtor") hereby move the Court, pursuant to 11 USC §362(c)(3)(B), to continue the automatic stay in his bankruptcy as to all creditors. This Motion is supported by the following:

## BACKGROUND

1. Debtor filed for protection under Chapter 13 of the United States Bankruptcy Code on August 12, 2019. Russell Brown was appointed as the Chapter 13 Trustee.

2. Prior to Debtor's current Chapter 13 bankruptcy filing, Debtor had filed for protection under Chapter 13 of the United States Bankruptcy Code on January 15, 2014 in Portland, Oregon. The Debtor's prior Chapter 13 bankruptcy was dismissed by order of the Court entered on August 8, 2019. The bankruptcy was dismissed at the request of the Chapter 13 Trustee because the Chapter 13 Trustee had not been receiving plan payments that were due under the terms of the plan.

3. Debtor had not been able to consistently meet his plan payment obligation due to hospitalizations, a breakdown in his marriage and a move to Arizona. By the time Debtor was able to stabilize his income and expenses, there was no longer enough time to complete his obligations under the Plan. Debtor now has a stable income and is firmly entrenched in Arizona. There is every reason to believe that Debtor will be able to complete his obligations in the present case.

Debtor's Motion to Continue Stay

Phoenix Fresh Start Bankruptcy
4742 N 24th St. Ste. 300
Phoenix, AZ 85016

Case 2:19-bk-10069-MCW    Doc 7    Filed 08/17/19    Entered 08/17/19 07:43:37    Desc
Main Document    Page 1 of 3

DISCUSSION

4. The Automatic Stay of 11 USC §362 terminates on the 30th day after a petition is filed if a debtor had a prior petition pending in the preceding year and that bankruptcy was dismissed. 11 USC §362(c)(3)(A). On a motion of a party in interest for a continuation of the automatic stay, the Court may extend the stay in particular cases as to all or any creditors after notice and a hearing completed before the expiration of the 30 day period if the party in interest demonstrates that the filing of the later case is in good faith as to creditors to be stayed. 11 USC §362(c)(3)(B). A case is presumptively filed not in good faith if a previous case under 7, 11 or 13 was dismissed within a one year period prior to the debtor's subsequent bankruptcy filing because the debtor failed to file or amend the petition or other documents as required by the bankruptcy code or the court, provide adequate protection as ordered by the court, or perform the terms of a confirmed plan, or where there is no substantial change in the debtor's affairs and there is no other reason to believe the case will result in a fully performed Chapter 13 Plan. 11 USC §362(c)(3)(C)(I, II); In re *Elliott-Cook*, 357 BR 811, 814 (N.D. Chapter 13 Plan. 11 USC §362(c)(3)(C)

5. The Debtor bears the burden of proof as to the elements necessary to establish good faith. In re *Elliot-Cook* 357 BR at 814. Where there is no presumption of bad faith and no party objects, a request to extend the stay should be liberally granted. Id. The Court looks to the totality of the circumstances to determine whether the Debtor has established the good faith required by 11 USC §362(c)(3). Id.

6. In this case, the Debtor's prior Chapter 13 bankruptcy case was dismissed because the Trustee had not received all of the required plan payments. Debtor did not have the money to make those payments or ability to become current once she fell behind. There is a substantial change in circumstances in Debtor's affairs. Specifically, the addition of a renter and an increase in both hours and salary means that Debtor now has the ability to make her plan payments consistently. Moreover, the Debtor has had only one case pending within the preceding year and the prior case was not dismissed because the debtor had failed to file or amend the petition or other documents, provide court ordered adequate protection or perform the terms of a confirmed plan. There is every reason to believe this case will result in a fully performed Chapter 13 Plan.

Debtor's Motion to Continue Stay

**Phoenix Fresh Start Bankruptcy**
**4742 N 24th St. Ste. 300**
**Phoenix, AZ 85016**

Case 2:19-bk-10069-MCW    Doc 7    Filed 08/17/19    Entered 08/17/19 07:43:37    Desc
Main Document    Page 2 of 3

## CONCLUSION

For the foregoing reasons, Debtor requests the Court to enter an Order extending the Automatic Stay of 11 USC §362 as to all creditors for the term of his Chapter 13 bankruptcy. Debtor requests the Court to rule on this matter on an expedited basis in light of the fact that the 30 day period for the automatic stay will expire on September 11 , 2019.

Dated: August 16, 2019

Respectfully submitted:

/s/ Tom McAvity
Tom McAvity, 034403
Phoenix Fresh Start Bankruptcy
4742 N 24th St. Ste. 300
Phoenix, AZ 85016
Phone: 602-598-5075

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was submitted on August 16, 2019 in the United States Bankruptcy Court for filing and transmittal of notice of electronic filing to the United States Trustee, the Chapter 13 Trustee and the ECF registrants appearing in this case.

By: /s/ Tom McAvity

Debtor's Motion to Continue Stay

**Phoenix Fresh Start Bankruptcy**
**4742 N 24th St. Ste. 300**
**Phoenix, AZ 85016**

Case 2:19-bk-10069-MCW    Doc 7    Filed 08/17/19    Entered 08/17/19 07:43:37    Desc
Main Document    Page 3 of 3